```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


SYLVIA WYNANDA SEEGRIST          : CIVIL NO: 1:CV-05-01278
                                 :
          Plaintiff              :
                                 : (Judge Caldwell)
     v.                          :
                                 : (Magistrate Judge Smyser)
KEITH TOLAN, M.D.;               :
SUE SPRINGER, PSS II;            :
BARBARA DOEBIER, HEAD            :
PSYCHOLOGIST;                    :
SHIRLEY MOORE, SUPERINTENDENT;   :
and SHARON M. BURK, CHIEF        :
GRIEVANCE OFFICER,               :
                                 :
          Defendants             :
```

## REPORT AND RECOMMENDATION

The plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint on June 23, 2005. On July 7, 2005, the plaintiff filed an amended complaint.

On November 14, 2005, the defendants filed a motion for to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and a brief in support of that motion. The defendants also filed documents outside the pleadings in support of their motion. Since the defendants submitted documents outside the pleadings, pursuant to Fed.R.Civ.P. 12(b) we indicated in an order dated

January 13, 2006, that we will treat the defendants' motion as a motion for summary judgment.

The plaintiff, who had not filed a brief in opposition to the defendants' motion, was ordered to file a brief in opposition to the motion and any summary judgment evidence in opposition to the motion on or before February 3, 2006.  The plaintiff was warned that if she fails to file a brief in opposition within this time it may be recommended that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff has not filed a brief in opposition to the defendant's motion as ordered.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court.  The plaintiff has failed to prosecute this action and has failed to obey the court's Order of January 13, 2006, and Local Rule 7.6 (formerly Rule 401.6), which requires the filing of an opposition brief. The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with Rule 401.6, Rules of Court, M.D. Pa.  The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the defendants' motion.  The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim.  *Comdyne I, Inc. v. Corbin*, 908

3

F.2d 1142, 1148 (3d Cir. 1990).   The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*.  The plaintiff's failure to comply with the Order of January 13, 2006, indicates that the plaintiff has abandoned this lawsuit.

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b), for the plaintiff's failure to obey Local Rule 7.6 and the Order of January 13, 2006.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

DATED:   February 16, 2006.

4